# COMPLAINT
(for non-prisoner filers without lawyers)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED
2026 JAN -5 A 11: 13
CLERK OF COURT

(Full name of plaintiff(s))

Jackie Mason

v.

(Full name of defendant(s))

Thomas Reed

Case Number: 26-C 0005

(to be supplied by Clerk of Court)

A. PARTIES

1. Plaintiff is a citizen of __Wisconsin__ and resides at
   (State)
   __5915 N. 74th St. Milwaukee, WI 53218__
   (Address)

(If more than one plaintiff is filing, use another piece of paper.)

2. Defendant __Thomas Reed__
   (Name)

Complaint – 1

is (if a person or private corporation) a citizen of __Wisconsin__
(State, if known)

and (if a person) resides at __819 N. 6th St, Room 908, Milwaukee, WI__
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for __State of Wisconsin Public Defender Office__
(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B. STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

In June-July of 2012, Reed assignd Atty. Michael Michael Hicks to represent the Plaintiff in state of Wisconsin v. Jackie Mason Case No. 12CF060228, pursant to his job. Reed knew at that time Atty. Hicks had been publicly reprimanded by the Wisconsin Supreme Court for misconduct in cases Reed had prior assigned Atty. Hicks, on Feburary 10, 2012. In representing the Plaintiff between June of 2012 to February of 2013, Atty. Hicks objectively refused to provide the Plaintiff with representation guaranteed under the United State's Constitution

Complaint – 2

and Wisconsin Supreme Court Rules, were repeatedly violated by Atty. Hicks. The Plaintiff under Atty. Hicks representation was convicted and sentenced to 38 years in State custody. In 2022, that conviction was found to be unconstitutional and the charges against the Plaintiff were dismissed in September of 2022, in Milwaukee Co. Circuit Court.

The Plaintiff asserts Defendant Reed knew or should have known Atty. Hicks pursuant to the suspension of Hicks' law lisense in ~~September~~ september of 2012, was to be removed from all cases he was involved in, but Defendant Reed disregarded the Wisconsin Supreme Court Order and continued to pay and ~~a~~ allow Atty. Hicks reprensent people in cases Reed was over seeing, Including the Plaintiffs.

Defendant Reed knew prior to Atty. Hicks being forced on the Plaintiff at Trial in November of 2012, Hicks had been recently found to have failed to comport his representation of clients Reed had

Complaint – 3

appointed him too, to Wisconsin Supreme Court Standards.

Defendant Reed knew or should have known at the time he appointed Atty. Hicks to his case Atty. Hicks had numerous complaints against him pending with the Wisconsin Office of Lawyer Regulations.

Defendant Reed knew or should have known Atty. Hicks was dealing with health issues that affected Hicks ability to effectively represent clients appointed by Reed.

Reed knew or should have known Milwaukee County Circuit Court judges were forcing people to go to trial with Atty. Hicks as there attorney over their objections because of Atty. Hicks repeated acts of misconduct

Defendant Reed knew or should have known Atty. Hicks was engaging in all manner of misconduct in cases Reed was appointing him to.

Atty Hicks refused to comport his representation of the Plaintiff in accord with the 5th, 6th, and 14th Amendments of the United States Constitution. Prior to appointing Atty. Hicks to the Plaintiff's case, Defendant Reed knew or should have known Hicks representation of the Plaintiff would be Constitutionally defficient but appointed

appointed him too, to Wisconsin Supreme Court standards.

Defendant Reed knew or should have known at the time he appointed Atty. Hicks to his case Atty. Hicks had numerous complaints against him pending with the Wisconsin Office of Lawyer Regulations.

Defendant Reed knew or should have known Atty. Hicks was dealing with health issues that affected Hicks ability to effectively represent clients appointed by Reed.

Reed knew or should have known Milwaukee County Circuit Court judges were forcing people to go to trial with Atty. Hicks as there attorney over their objections because of Atty. Hicks repeated acts of misconduct

Defendant Reed knew or should have known Atty. Hicks was engaging in all manner of misconduct in cases Reed was appointing him to.

Atty Hicks refused to comport his representation of the Plaintiff in accord with the 5th, 6th, and 14th Amendments of the United States Constitution. Prior to appointing Atty. Hicks to the Plaintiff's case, Defendant Reed knew or should have known Hicks representation of the Plaintiff would be constitutionally defficient but appointed

Atty. Hicks anyway, franspicuosly knowing the Plaintiff's rights would unreasonably be put in danger of violation of the U.S. Constitutions guarantees.

The Plaintiff asserts the action's of Thomas Reed caused him to be, unlawfully, imprisoned in a maximum security prison for over ten (10) years.

Finally, the Plaintiff asserts, Thomas Reed, in his position as head of the Milwaukee Office of the State of Wisconsin Public Defenders Office, knowingly and intentionally violated, in light of the facts of the matter, his rights guaranteed under the 4th, 5th, 6th and 14th Amendments of the United States Constitution when he retained, hired, assigned and or appointed, Attorney of Law License now suspended, notorious lawyer, Michael John Hicks, to represent the Plaintiff on behalf of the Public Defenders Office in State of Wisconsin, v. Jackie Mason, Case No. 12CF000228.

C.  JURISDICTION

☒ I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is
$ _____.

D.  RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

The Plaintiff seeks a monatary Judgement of ten (10) million dollars.

E.  JURY DEMAND

I want a jury to hear my case.

☒ – YES    ☐ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this ___5___ day of ___January___ 20_26_.

Respectfully Submitted,

_____
Signature of Plaintiff

___414 210 7125___
Plaintiff's Telephone Number

_____
Plaintiff's Email Address

___5915 N. 74th St Milwaukee, WI 53218___
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

☐ I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Filing Fee form and have attached it to the complaint.

☐ I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Complaint – 5